UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL SAPP,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES of AMERICA,<br><br>Defendant. | Case No. 1:19-cv-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Michael Sapp's Motion to Vacate, Set Aside, or Correct a Federal Sentence under 28 U.S.C. § 2255. For the reasons explained below, the Court will deny the motion.

## PROCEDURAL BACKGROUND

In November 2015, a jury found Sapp guilty of possession with intent to distribute methamphetamine and unlawful possession of a firearm. The Court sentenced him in February 2016 to three hundred months in prison followed by five years of supervised release. Sapp appealed to the Ninth Circuit, which affirmed in January 2018. Sapp timely filed this § 2255 motion on January 31, 2019.

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND

During voir dire for Sapp's jury trial, a prospective juror volunteered that she had concerns about her ability to understand English. The following dialogue took place between the prospective juror, the trial court, and Mr. Nafzger for the government:

> PROSPECTIVE JUROR NO. 16: As I said in the beginning, that I have some high school. I speak well, but I have difficulty understanding sometimes a big word English.
>
> MR. NAFZGER: Ma'am, do you have concern that over the course of the trial you may not understand everything that is said?
>
> PROSPECTIVE JUROR NO. 16: I do, but some word, just some . . . .
>
> THE COURT: Again, ma'am, it is very important that you understand what is going on in the courtroom because you have to understand to be able to make the right decision. And we don't know you personally. You know yourself better than anyone else. When you hear people talking in normal conversation, do you understand everything they are saying?
>
> PROSPECTIVE JUROR NO. 16: Yes.
>
> THE COURT: It is just occasionally when you have a big word that you don't comprehend what that means maybe?
>
> PROSPECTIVE JUROR NO. 16: Yes.
>
> THE COURT: In this case there is a pretty good chance there might be legal terms used and there may be some witnesses that talk pretty fast. We try to keep it so that people understand it, and a juror is perfectly entitled to raise their hand and make a witness repeat what

they said if they go too fast or you don't understand it, because it is important that you understand.

And, again, we can't get out in the middle of the trial and then find out that you don't really understand the language. So it is important right now that you make a decision about whether or not you feel you could sit in a trial and understand the language well enough that you could exercise your own individual judgment. I told you it has to be an unanimous verdict, but you also have to make your own individual judgment. The only way you can do that is if you totally understand what the evidence is.

PROSPECTIVE JUROR NO. 16: Yes, I can sit.

MR. NAFZGER: You feel you can do that?

PROSPECTIVE JUROR NO. 16: Yes.

*Voir Dire Transcript*, Dkt. 15-1 at 44–45. No one questioned the prospective juror further during voir dire and she was chosen to serve as a juror in Sapp's trial.

Later in the trial, during a recess just before closing arguments, counsel for the government asked that the juror be replaced with an alternate juror:

> This might be just an abundance of caution. There was the one juror we questioned during voir dire regarding her ability to understand. She said that she had some problems with big words . . . I was a tad bit concerned during the presentation of the testimony in that she was the only juror that never looked at any of the witnesses. It could easily be explained she may hear better out of one ear or not. But I think since we have an alternate, it might be worth the Court inquiring whether she was, in fact, able to understand everything that was presented.

**MEMORANDUM DECISION AND ORDER - 3**

Sapp's counsel Gabriel McCarthy disagreed: "My sense is that after the jury is sworn and selected and after peremptories have been exercised that I don't think any inquiry of any particular juror would be proper." *Gov't Resp.*, Dkt. 15 at 4–5.

The trial court agreed with McCarthy, stating, "I do not think that I will make any inquiry unless there is, say, for instance, one of the other jurors said she is saying something that would indicate she does not have a complete understanding of what was going on so that we have some basis for asking her about that." *Id*. at 5. Later the Court re-iterated, "As to that matter that was raised just before our recess, and for the record primarily, since the Defense objected and because the matter was known prior to the exercise of the peremptory challenges, the Court at least at this time is declining to interview the jury as indicated." *Id*.

McCarthy later stated in an affidavit that he did not recall Sapp asking at any time during the trial that a juror be removed because she did not speak English. *Affidavit of Counsel*, Dkt. 15-3 at 2–3. Further, McCarthy noted that if Sapp had asked that a juror be removed and McCarthy had refused, he would almost certainly remember it. *Id*. at 3.

## LEGAL STANDARD

### 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of

her or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See*

Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

## 2.     Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States,* 878 F.2d 1156, 1161 (9th Cir. 1989).

To establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S. Ct. 2052. Under the performance prong, there is a strong

presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689, 104 S. Ct. 2052. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 702, 122 S. Ct. 1843 (2002) (discussing *Strickland*).

To establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S. Ct. 2052. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrison,* 477 U.S. 365, 381–82, 106 S. Ct. 2574 (1986); 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas,* 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland,* 466 U.S. at 687, 104 S. Ct. 2052).

# ANALYSIS

Sapp argues that the juror did not "speak and understand the English language," and so McCarthy's failure to strike the juror constituted ineffective assistance of counsel. *Motion to Vacate*, Dkt. 1 at 4. However, the dialogue during voir dire between the trial court, the juror, and the government indicates the juror did indeed speak English. As the juror herself said, her only concern was with the occasional big word. *Voir Dire Transcript*, Dkt. 15-1 at 44–45. When pressed by the trial court about whether she would be able to understand the proceedings well enough to independently evaluate the evidence, the juror answered, "Yes, I can sit." *Id*.

The qualifications for federal jury service set forth in 28 U.S.C. § 1865 state that, with regard to English language ability, a person may serve as a juror unless she is "unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;" or "is unable to speak the English language[.]" Section 1865 does not require a vocabulary test—and many native English speakers would be disqualified from

jury service if it did. There is little doubt the juror's answers reasonably assured both the trial court and counsel that she qualified under the statute.[1]

Beyond a juror's outright disqualification, "[a]n attorney's actions during *voir dire* are considered to be matters of trial strategy[.] A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Miller v. Webb,* 385 F.3d 666, 672–73 (6th Cir. 2004) (internal citation omitted). McCarthy's decision to not move to strike a prospective juror who spoke English and answered affirmatively that she understood English well enough to be able to independently consider the evidence does not fall below an objective standard of reasonableness. Nor does the government's later request that the trial court interview the juror again, out of "an abundance of caution," change the reasonableness of that strategic decision.

---

[1] Notably, another juror who voiced concerns that her English was not adequate to understand the proceedings engaged in a similar interview with the Court. The juror did not seem to fully understand the Court's questions. The Court asked both counsel if they would stipulate that she be removed for cause, and both counsel did so stipulate. *Voir Dire Transcript*, Dkt. 15-1 at 27–28.

As Sapp has not satisfied the performance prong of *Strickland*, the Court need not consider the prejudice prong. Sapp's claim of ineffective assistance of counsel fails, and the motion to vacate is denied.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion Under U.S.C. § 2255 Dkt. 1) is **DENIED**.

DATED: April 21, 2020

B. Lynn Winmill
U.S. District Court Judge